(October 21, 1988)

In the Matter of WILSON S. MATHIAS, an Attorney, Petitioner. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Respondent.—Per Curiam. Petitioner is an attorney admitted to practice in this department in 1975. He currently maintains a law office in the Town of Queensbury, Warren County.

On July 27, 1988, petitioner pleaded guilty in Lake George Town Court to criminal informations charging him with misconduct in relation to petitions (Election Law § 17-122 [7]) and making a punishable false written statement (Penal Law § 210.45), both misdemeanors. Petitioner was sentenced to pay a fine of $500 on each conviction.

The charges against petitioner arose out of the affixing of his signature as subscribing witness to the designating petitions of six candidates for various local offices in Warren County in July 1987. A subsequent investigation by the State Board of Elections revealed that the signatures of five individuals appearing on the petitions were forgeries.

Petitioner duly filed the record of his convictions with this court as required by Judiciary Law § 90 (4) (c). Thereafter, by decision dated September 9, 1988, petitioner's motion to set aside the automatic suspension which resulted from his convictions for serious crimes was granted and he was ordered to show cause why a final order of discipline should not be made (Judiciary Law § 90 [4] [f], [g]). Petitioner appeared by counsel and was heard in mitigation by the court on October 13, 1988.

In determining the appropriate disciplinary sanction to be imposed, we are mindful of petitioner's previously unblemished record, his good reputation in both the general and legal communities, and the supportive letters and affidavits which

have been submitted on his behalf. We are also cognizant of petitioner's candor in admitting his misconduct and of the fact that he and his family have already suffered the obvious consequences of his pleas of guilty to criminal charges.

Nevertheless, petitioner stands convicted of crimes involving dishonesty and false swearing which are most serious, especially when committed by an attorney-at-law. Petitioner's actions have tarnished not only his own reputation but that of the profession of which he is a member.

Upon considering all of the circumstances presented, we conclude that the appropriate sanction in this matter is suspension from the practice of law for a period of six months.

Petitioner suspended for six months and until further order of the court, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.